UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WARREN SCIAMBRA** | * | **DOCKET NO.** |
| | * | **HURRICANE CASE** |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **MAGISTRATE JUDGE:** |
| | * | |

**NOTICE OF REMOVAL**

Defendant State Farm Fire and Casualty Company (hereinafter "State Farm"), appearing through undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I. PROCEDURAL HISTORY**

1.

Plaintiff, Warren Sciambra ("Plaintiff"), filed this lawsuit in the 24th Judicial District Court, Parish of Jefferson for the State of Louisiana, against State Farm Fire and Casualty Company, on July 19, 2023. The case was captioned "*Warren Sciambra v. State Farm Fire & Casualty Company*" Docket No. 843-164 Division D (*See* Petition for Damages, Citation and Proof of Service upon State Farm through the La. Secretary of State on August 3, 2023, Mailing of Petition by Secretary of State-to-State Farm through Corporation Service Company on August 4, 2023, Receipt by Corporation Service Company of Petition from La. Secretary of State on August 8, 2023, attached hereto and marked for identification as "Exh. A" PAGE 1 -44).

1

2.

The petition alleges that Plaintiff owned immovable property with improvements located at 1812 Frankel Avenue, Metairie, LA. (Exh. A. at p.2 ¶6). The petition alleges that "on August 29, 2021, Hurricane Ida made landfall and severely damaged Plaintiff's home and contents contained therein, including, roof, exterior, interior, which damages exceeded 100,000.00, and which damages also caused Plaintiff to incur additional living expenses." (Exh. A. at p.2 ¶7). The petition alleges that Plaintiff contracted with State Farm to insure the property, its structures, its contents, among other coverages, against risks of wind and other hurricane related damage involved herein. (Exh. A. at p.2 ¶8). The petition alleges "as a result of (State Farm's) continuing breaches of both its legal and contractual duties, Plaintiff has suffered and continues to suffer both general and special damages for which (State Farm) is now liable which include, but is not limited to, all amounts owed under the policy that remain unpaid, all costs associated with recovering repairing and/or replacing the covered property, plus the increased repair and replacement costs due to market inflation, as well as all mitigation costs, additional living expenses, and all other amounts owed under all applicable coverages, plus general damages for delay, mental anguish, emotional distress and inconvenience, plus statutory penalties on all amounts owed but not timely paid under La.R.S. 22:1892 and La.R.S. 22:1973, including reasonable attorneys' fees and costs, together with interest and all other damages that Plaintiff may prove as allowed by law." (Exh. A. at pp.9-10 ¶27).

3.

State Farm removes this action from the 24th Judicial District, Parish of Jefferson to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTEREST AND COSTS AND THE PARTIES ARE DIVERSE IN CITIZENSHIP

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

6.

The petition on its face establishes that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs as Plaintiff specifically alleges "on August 29, 2021, Hurricane Ida made landfall and severely damaged Plaintiff's home and contents contained therein, including, roof, exterior, interior, which damages exceeded 100,000.00, and which damages also caused Plaintiff to incur additional living expenses." (Exh. A. at p.2 ¶7).

7.

State Farm is a foreign insurance corporation incorporated on June 12, 1935, in the State of Illinois. State Farm has its principal place of business in Bloomington, Illinois. State Farm is a citizen of the State of Illinois. Plaintiff is a resident of and domiciled in Jefferson Parish in the State of Louisiana and is a citizen of Louisiana. The parties are diverse in citizenship.

8.

While State Farm admits no liability nor any element of damages, it is apparent from the facts set forth in this notice of removal that the matter in controversy exceeds $75,000. State Farm has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### III.   STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

9.

State Farm was served with the petition through its statutory agent for Service of Process, the Louisiana Secretary of State on August 3, 2023 (See Exh. A Service Return). The Secretary of State forwarded the petition to State Farm on August 4, 2023. (See Exh. A. Letter from Secretary of State). The CSC received service of the pleading on behalf of State Farm on August 8, 2023. "[C]ourts in the Fifth Circuit have held that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.* 09-200, 2009 WL 1875755 (M.D. La. June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to *Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that

pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, 2008 WL 783592 (E. D. La. March 25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as the secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process); (other citations in footnote omitted).

10.

This Notice of Removal is filed within thirty (30) days after service of the petition on State Farm through its agent CSC on August 8, 2023.

11.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

12.

The 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

13.

No previous application has been made by State Farm for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by State Farm to date, are attached hereto as Exhibit A, Bates Stamped EXHIBIT A PAGE 1 – 44. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Austin Marks, Counsel for Plaintiff Warren Sciambra, and the Clerk of Court for the 24th Judicial

District Court, Parish of Jefferson, State of Louisiana.  No other process, pleadings, or orders have been served upon State Farm.

### IV.    CONCLUSION

14.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, State Farm, has complied with, this cause of action is removable to the United States District Court for the Eastern District of Louisiana.

15.

State Farm reserves the right to supplement or amend this Notice of Removal.

16.

State Farm reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to State Farm.

17.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

_/s/ Samuel P. Baumgartner_
**SAMUEL P. BAUMGARTNER (35436)**
**DAVID J CREIGHTON (35461)**
Porteous, Hainkel & Johnson L.L.P.
408 N. Columbia Street
Covington, LA 70433-2920
Telephone: (985) 893-4790
Direct Line: (985) 246-7460
Direct Fax: (985) 246-7461
Email: sbaumgartner@phjlaw.com
*Counsel for Defendant State Farm Fire and Casualty Company*

### CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that on this 31st day of August 2023 a copy of the foregoing Notice of Removal has been sent to the following:

**Counsel for Plaintiff Warren Sciambra (Via Email)**
Austin Marks
Morris Bart, LLC
601 Poydras Street, 24th Floor
New Orleans, LA 70130
T: (504) 525-8000
F: (866) 614-3103
E: amarks@morrisbart.com
AND
Jefferson Parish Clerk of Court -efile
Hon. Jon A. Gegenheimer
24th Judicial District Court
P.O. Box 10
Gretna, LA 70054-0010

_/s/ Samuel P. Baumgartner_
**SAMUEL P. BAUMGARTNER**